IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOYCE CLEVELAND, RON GREEN, and CHRISTOPHER BROWN, | ) ) ) |
| Plaintiffs, | ) Case No. ) ) |
| v. | ) Judge ) ) Magistrate Judge |
| HYUNDAI SUBARU OF NASHVILLE, INC., | ) ) Jury Demand ) |
| Defendant. | ) ) |

## COMPLAINT

For their Complaint against defendant Hyundai Subaru of Nashville, Inc. ("defendant"), plaintiffs Joyce Cleveland, Ron Green, and Christopher Brown ("plaintiffs") state:

### PARTIES

1. Plaintiffs are each former employees of defendant.

2. Defendant Hyundai Subaru of Nashville, Inc., is a Tennessee corporation with its principal place of business at 1512 Broadway, Nashville, Davidson County, Tennessee 37203-3122. Defendant may be served with process through its registered agent, CT Corporation System, 800 S. Gay Street, Suite 2021, Knoxville, Tennessee 37929-9710.

3. Defendant operates for-profit, franchised automobile dealerships within the Middle District of Tennessee. At all relevant times, defendant employed more than 15 individuals, including plaintiffs.

### JURISDICTION AND VENUE

4. This is an action for damages and equitable relief for unlawful employment practices. Plaintiffs Cleveland and Green bring their claims under 42 U.S.C. § 1981 ("Section

1981"). Plaintiff Brown brings his claims under Section 1981 and the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-101, *et seq.* ("THRA"). The Court has jurisdiction under 28 U.S.C. §§ 1331, 1343(a)(4), and 1367(a). Venue is proper under 28 U.S.C. § 1391.

5. Plaintiff Brown reserves the right to amend this complaint to assert claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"). Mr. Brown timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission (EEOC) on April 24, 2014. Once he obtains a notice of suit rights from the EEOC he will amend this complaint within 90 days of his receipt of the notice to state claims under Title VII.

## FACTS

6. Plaintiffs are African-American individuals who were formerly employed by defendant as salespersons at its automobile dealership in Nashville, Tennessee.

7. Plaintiffs performed their jobs for defendant in an excellent manner and did not receive any disciplinary action during their employment.

8. During plaintiffs' employment, defendant discriminated against plaintiffs because of their race with respect to the terms, conditions and privileges of employment, including paying plaintiffs less than similarly situated non-African-American employees; not paying plaintiffs money they had earned; changing, inflating and overstating the dollar amount that defendant had paid for vehicles on purchase and costs sheets for plaintiffs and African-American salespersons, thereby reducing their compensation, but not doing so for Caucasian salespersons; providing plaintiffs less valuable benefits than similarly situated non-African-American employees; prohibiting plaintiffs from working in the front area of the dealership and impairing their ability to make sales while allowing Caucasian salespersons to do so; intentionally and

deliberately diverting certain sales leads to Caucasian employees and cutting off plaintiffs' and African-American salespersons' access to those leads; prohibiting plaintiffs and other African-American employees from standing together on the dealership's premises and making discriminatory comments about their doing so while allowing Caucasian employees to stand together and making no comments about their doing so; and discharging plaintiffs, all because of race.

9. During plaintiffs' employment, defendant created, allowed, maintained and failed to remedy a racially hostile work environment that altered the conditions of plaintiffs' employment. Plaintiffs and other African-American employees were subjected to repeated racially derogatory slurs and comments and racially offensive jokes, constantly referred to in racially derogatory terms, and subjected to threats, mistreatment and disparate treatment as compared to their Caucasian colleagues by defendant's Caucasian managerial agents. For example, one of defendant's Caucasian managers walked around the dealership showroom carrying a rifle and making racial comments such as, "Get back to work, boy" and "nigger." Further, when plaintiffs attempted to make sales to African-American customers, defendant's Caucasian managers would interfere with or impair those efforts and make discriminatory statements about the customers, further evidencing their race-based discriminatory animus.

10. Defendant further retaliated against plaintiffs because of their opposition to defendant's racially offensive and unlawful conduct. Plaintiffs complained about defendant's Caucasian managers' discriminatory conduct. Defendant took no corrective or remedial action. Instead, defendant's Caucasian managers subjected plaintiffs to retaliatory harassment and discharged them in retaliation for their protected activity. For example, Plaintiff Brown orally complained about and also sent an email to defendant's corporate headquarters opposing racial

discrimination. Shortly thereafter, defendant discharged him and handed him a copy of the email when it did so.

11. After announcing in the workplace before numerous witnesses, including but not limited to plaintiffs Cleveland and Green and other current and former African-American and Caucasian employees, that it was "going to get rid of all of the black employees" and "fire all of the black employees," defendant discharged plaintiffs because of their race and/or their complaining about and opposing defendant's unlawful conduct.

12. Defendant's alleged reasons for discharging plaintiffs are pretexts for discrimination and/or retaliation. For example, Plaintiff Green asked defendant's Caucasian General Manager why he was firing him and was told that his "services are no longer needed." Defendant's General Manager then inexplicably told Plaintiff Cleveland that he was firing her at the same time because she allegedly was "not the right fit." No other reasons were provided for their sudden discharges. Plaintiffs and other witnesses are aware of Caucasian salespersons who worked for defendant and who received warnings and write ups instead of being discharged in the manner that plaintiffs were.

13. As a result of defendant's conduct as described in this complaint, plaintiffs have suffered damages.

**Claims for Race Discrimination, Racially Hostile Work Environment, and Retaliation**

14. Plaintiffs hereby incorporate and reallege the factual averments as set forth in paragraphs 1 through 13 herein.

15. Defendant discriminated against plaintiffs in the terms, conditions and privileges of their employment and discharged plaintiffs because of their race and/or in retaliation for their

opposition to defendant's racially offensive and unlawful conduct, including repeated racially derogatory comments, threats and other mistreatment.

16. Defendant created, allowed, maintained and failed to remedy a racially hostile work environment that altered the conditions of plaintiffs' employment.

17. Defendant retaliated against plaintiffs because of their opposition to defendant's racially offensive and unlawful conduct.

18. As a result of its conduct, defendant is liable to plaintiffs in an amount to be determined by the jury for the damages plaintiffs have suffered.

19. As a result of its conduct, defendant is also liable for punitive damages and for plaintiffs' attorneys' fees and costs.

20. As a result of its conduct, defendant is obligated to make plaintiffs whole for all lost earnings and benefits.

**WHEREFORE,** premises considered, plaintiffs demand the following relief:

1. A jury trial and entry of judgment in their favor;
2. Back pay and damages for lost benefits;
3. Compensatory damages for embarrassment and humiliation, emotional pain and suffering and mental anguish, stress and anxiety, inconvenience, and loss of enjoyment of life;
4. Reinstatement or, alternatively, front pay and damages for lost benefits;
5. Punitive damages;
6. Attorneys' fees and expenses;
7. Prejudgment interest and, if applicable, post judgment interest; and
8. Such other and further legal or equitable relief to which they may be entitled.

Respectfully submitted,

*(signature)*

Stephen W. Grace (BPR No. 14867)
1019 16th Avenue, South
Nashville, Tennessee 37212
(615) 255-5225

*(signature)*

Douglas B. Janney III (BPR No. 19112)
2002 Richard Jones Road
Suite B-200
Nashville, Tennessee 37215
(615) 742-5900

Attorneys for Plaintiffs

6

Case 3:15-cv-00475   Document 1   Filed 04/22/15   Page 6 of 6 PageID #: 6